Upon the trial at Burke, on the last circuit, before his Honor, JudgeDick, the plaintiffs, after proving an acknowledgment of the justness of their account by the defendant in year 1833, proved by William McKesson, a witness, that in June, 1834, he received a letter from the plaintiffs containing their account against the defendant, the amount of which was $655.10, with instructions to apply to the defendant for the amount due them, and if he refused to pay it, then to propose to him that the plaintiffs would take $600 rather than have a suit with him. This witness stated further that shortly after receiving the letter containing the account he applied to the defendant for payment and stated to (264) him the amount of the plaintiff's demand, to wit, $655.10, when the defendant admitted that he got the goods from the plaintiffs and that he had not paid for them, and he did not object to the amount of the account, but refused to pay. Witness then stated to him that he, witness, was authorized to take $600 and give him a discharge rather than have a lawsuit; the defendant refused to pay $600, but said he would pay $500. Witness stated further that some time after the above conversation and before this suit was brought he had another conversation with the defendant in which the defendant said he would not pay more than $500, and if the plaintiffs would not take that sum he would plead the statute of limitations.
His Honor instructed the jury "that to take a case out of the statute of limitations there must be either an express promise to pay by defendant or an explicit acknowledgment of a subsisting debt, within three years from the time of bringing the action. That if they believed the witness McKesson, the first conversation he had with the defendant was *Page 210 
in June or July, 1834, within three years of the time of bringing this action, the writ having issued 24 April, 1837, and if they further believed that the defendant in said conversation had made an explicit acknowledgment of the subsisting debt due from him to the plaintiffs, the case would be taken out of the operation of the statute, and the plaintiffs would be entitled to recover." The plaintiffs obtained a verdict and judgment and the defendant appealed.
To take a case out of the statute of limitations, it was held in Smallwood v. Smallwood, ante, 2 vol., 330, and in other cases, that there must be an promise to pay the debt within three years. It need not be an express promise, but it may be implied from such an acknowledgment of the debt as imports its present subsistence, and a continuing liability of the defendant for it, or his willingness to pay it, notwithstanding the lapse of time since the debt was first (265) contracted. But we then thought, and still think, that a promise to pay cannot be inferred simply from an admission that the debt had been contracted and was originally just; or from the further admission that it had not been paid, if at the same time the defendant denied his liability and did not, in some way, indicate his intention or willingness to pay. It is immaterial on what ground the defendant denies his liability or places his refusal to pay; whether it be because, as he says, the debt was never due, or because he had paid it, or because he insisted on a legal protection from the payment. In either case the refusal to pay repels the idea of the promise to pay; and there must be such a promise, either expressed or implied, to prevent the bar of the statute.
The rule was, therefore, in our opinion, inaccurately expressed to the jury when it was said "that there must be either an express promise to pay by the defendant or an explicit acknowledgment of a subsisting debt." It should have been added, "from which the law could imply a promise to pay the debt." No acknowledgment can be sufficient unless it furnishes a plain inference that the defendant thereby intended to engage to pay the debt.
For the same reasons it appears to the Court to have been erroneous to leave it to the jury to find the requisite acknowledgment upon the evidence in the case. The instructions properly assume that there was not an express promise. To imply one the express and repeated refusals of the defendant to pay, as proved by the plaintiff's own witness, constitute an insuperable obstacle. But it is said the defendant did not refuse unequivocally, but he acknowledged the debt and agreed in a qualified *Page 211 
manner to pay part of it; and it is insisted that this defeats the operation of the statute as to the whole debt. That there has been a period when this argument would have received the concurrence of the courts is not doubted. But it cannot be sanctioned without overthrowing the principles of the modern decisions. We hold that a defendant is entitled to have his words upon this subject, as upon every other, fairly considered and interpreted, so as to arrive at his real meaning. Thus treated, they import in this case neither an acknowledged liability nor willingness to pay the plaintiffs' demand, but directly the contrary. The (266) original debt, and the less sum the agent of the plaintiffs proposed to take, the defendant positively refused to pay. There is nothing more in the case, except that the defendant then proposed on his part to pay a still smaller sum on certain terms, but simultaneously declared that if those terms were not accepted he would plead the statute of limitations. The terms have never been accepted and this action is not brought on that proposition. If it had been it could not be supported, because it never became a contract by the assent of the plaintiffs. For the same reason it is not a contract to revive the original promise, or for any other purpose. In fine, insisting on the statute of limitations is not, in our opinion, a waiver of it.
PER CURIAM. Judgment reversed.
Cited: Vass v. Conrad, 52 N.C. 89.